STEVEN T. JAFFE, ESQ.
Nevada Bar No. 007035
sjaffe@lawhjc.com
HEATHER M. CALIGUIRE, ESQ.
Nevada Bar No. 14492
hcaliguire@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128-4338
(702) 316-4111
FAX (702) 316-4114

*Attorneys for Defendants Sixt Rent A Car*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN STINSON, an individual; DUNIESKY VELAZQUEZ-ESCOBEDO, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>DOE DRIVER 1-V, an individual; SIXT RENT A CAR, LLC, a foreign limited liability company; DOE DRIVER 11-V; ROE EMPLOYERS X-V; DOE OWNER 1-V; and ROE CORPORATIONS CI-XV, inclusive, jointly and severally,<br><br>Defendants. | CASE NO.: 2:19-cv-00865<br><br>**DEFENDANT SIXT RENT A CAR, LLC'S PETITION FOR REMOVAL OF CIVIL ACTION** |

Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b)(3) and 1446, Defendant Sixt Rent A Car, LLC ("Sixt"), by and through its attorneys of record, Steven T. Jaffe, Esq. and Heather M. Caliguire, Esq., of Hall Jaffe & Clayton, LLP, hereby files this Petition for Removal of Civil Action.

In support of this Petition to remove the above-referenced case from the Eighth Judicial District Court of the State of Nevada in and for the County of Clark to the United States District Court for the District of Nevada, Sixt states as follows:

1.      Sixt is a Defendant in the above-entitled action pending in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, Case Number A-19-792216-C.

2.      The above-entitled action was commenced in the Eighth Judicial District Court of the State

of Nevada in and for the County of Clark and is now pending in that Court. Process was served upon Sixt through a process server on or about April 9, 2019. (*See* Summons with Affidavit of Service, attached hereto as Exhibit "A" and Complaint, attached hereto as Exhibit "B").

3.      On May 1, 2019, Plaintiffs filed their Request for Exemption from Arbitration. (*See* Request for Exemption from Arbitration, attached hereto as Exhibit "C"). In it, Plaintiffs noted that they are collectively seeking in excess of $311,796.86 in special damages– $89,990.28 for Plaintiff John Stinson and $221,806.58 for Plaintiff Duniesky Velasquez-Escobedo. *Id.* at pp. 2-3. This Request was granted on May 17, 2019. (*See* Commissioners Decision on Request for Exemption- Granted, attached hereto as Exhibit "D"). This was the first document received by Sixt showing damages in excess of $75,000 as required by U.S.C. § 1332(a).

4.      By the Complaint, Plaintiffs seek to recover damages against Sixt from injuries they allegedly sustained after being hit by a car owned by Sixt in a hit and run accident in Las Vegas, Nevada. Sixt reported the car stolen before the subject accident.

5.      The Petition for Removal of Civil Action is timely pursuant to 28 U.S.C. § 1446(b)(3).

6.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Furtherm this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

7.      There is complete diversity of citizenship among the parties. On information and belief, Plaintiff John Stinson is a citizen of Nevada, residing in Clark County. On information and belief, Plaintiff Duniesky Velazquez-Escobedo is a citizen of Nevada, residing in Clark County. Defendant Sixt is incorporated in the State of Delaware and its principal place of business is in the State of Florida. Defendant is not a citizen of the State of Nevada and is diverse from Plaintiffs.

8.      Plaintiffs do not quantify the amount of damages they seek to recover in this case. (*See* Exhibit "B"). Instead, Plaintiff seeks punitive and exemplary damages in excess of $15,000.00 and for fees and costs. (*See* Exhibit "B").

9.      Although the Complaint does not show the full amount in controversy, Plaintiffs' Request for Exemption from Arbitration does. (*See* Exhibit "C"). From that document, it shows that Plaintiffs collectively seek $311,796.86 in special damages.

10.     "[A] defendant's notice of removal need include only a plausible allegation that the amount

in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The amount in controversy requirement can be satisfied by showing that it is facially apparent from the Complaint that the claims more likely than not exceed $75,000. *See Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *accord Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Gilmer v. The Walt Disney Co.*, et al., 915 F. Supp. 1001, 1007 (W.D. Ark. 1996). The Court need not rely on the Complaint alone, so long "as there is other, independently sufficient evidence that the amount in controversy exceeds $75,000." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). *See also Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793-795 (the court determined that it could rely on the amounts laid out in plaintiff's mediation brief to show an amount in controversy over the jurisdictional amount).

11.    Here, the amount in controversy exceeds $75,000 based on Plaintiffs' Request for Exemption from Arbitration. (*See* Ex. "C"). Plaintiff also seeks punitive damages. (*See* Ex. "B"). At a minimum, each Plaintiff can recover from $300,000 up to treble damages, depending on the amount of compensatory damages awarded. Nev. Rev. Stat. § 42.005(1)(a)-(b).

12.    This Petition was served on all interested parties. A Notice of Removal to Federal Court will be filed with the Eighth Judicial District Court of the State of Nevada in and for the County of Clark concurrently with the filing of this Joinder with this Court.

13.    Copies of all pleadings and papers served on Sixt in the above-entitled action are filed with this Petition.

/ / /

Wherefore, Sixt requests that the action now pending before the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, Case Number A19-792216-C, Dept. No. 31, be removed to this Court.

DATED this 21st day of May, 2019.

HALL JAFFE & CLAYTON, LLP

By _____
STEVEN T. JAFFE, ESQ.
Nevada Bar No. 007035
HEATHER M. CALIGUIRE, ESQ.
Nevada Bar No. 14492
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Sixt Rent a Car*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP and that on the 21 day of May, 2019, the foregoing **DEFENDANT SIXT RENT A CAR, LLC'S PETITION FOR REMOVAL OF CIVIL ACTION** was served upon the parties via the Court's e-filing and service program, addressed as follows:

Kimball J. Jones, Esq.
Jacob G. Leavitt, Esq.
BIGHORN LAW
716 S. Jones Blvd.
Las Vegas, NV 89107
*Attorney for Plaintiff*


An Employee of  HALL JAFFE & CLAYTON, LLP