# Exhibit B

Plaintiff's Complaint

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

Sixt Rent A Car, LLC
Legal Dept
Sixt Rent A Car, LLC
1501 NW 49th St
Fort Lauderdale  FL  33309

04/10/2019

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2019-32

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| # | Field | Value |
|---|---|---|
| 1. | Client Entity: | Sixt Rent A Car, LLC |
| 2. | Title of Action: | John Stinson, an individual; Duniesky Velazquez - Escobedo vs. Doe Driver I-V, et al. |
| 3. | Document(s) Served: | Summons / Complaint |
| 4. | Court/Agency: | Clark County District Court |
| 5. | State Served: | Nevada |
| 6. | Case Number: | A-19-792216-C |
| 7. | Case Type: | Negligence / Injuries |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Tuesday 4/9/2019 |
| 10. | Date To Client: | Wednesday 4/10/2019 |
| 11. | # Days When Answer Due: 20  Answer Due Date: 04/29/2019 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | SOP Sender: (Name, City, State, and Phone Number) | Kimball J. Jones, Esq. Las Vegas, NV 702-333-1111 |
| 13. | Shipped To Client By: | Regular Mail and Email with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 291 |
| 16. | Notes: | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

1  SUMM
   **KIMBALL J. JONES, ESQ.**
2  Nevada Bar No.: 12982
   **JACOB G. LEAVITT, ESQ.**
3  Nevada Bar No.: 12608
4  **BIGHORN LAW**
   716 South Jones Blvd.
5  Las Vegas, NV 89107
6  Telephone: (702) 333-1111
   Jacob@BighornLaw.com
7  *Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JOHN STINSON, an individual; DUNIESKY VELAZQUEZ-ESCOBEDO, an individual, | CASE NO: A-19-792216-C<br>DEPT. NO:  Department 31 |
| Plaintiffs, | |
| v. | |
| DOE DRIVER I-V, an individual; SIXT RENT A CAR, LLC, a foreign limited liability company; DOE DRIVER II-V; ROE EMPLOYERS X-V; DOE OWNER I-V; and ROE CORPORATIONS XI-XV, inclusive, jointly and severally, | |
| Defendants. | |

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOU BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT.** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

### SIXT RENT A CAR, LLC

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the date of service, you must do the following:

Page 1

      a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

      b.    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

**BIGHORN LAW**

By: /s/ Jacob G. Leavitt
**KIMBALL JONES, ESQ.**
Nevada Bar No.: 12982
**JACOB G. LEAVITT, ESQ.**
Nevada Bar No.: 12608
716 S. Jones Blvd.
Las Vegas, Nevada 89107
702-333-1111
*Attorneys for Plaintiff*

STEVEN D. GRIERSON
**CLERK OF COURT**

By: /s/ Marie Kramer
Deputy Clerk
County Courthouse   4/3/2019
200 Lewis Avenue
Las Vegas, Nevada 89101

Marie Kramer

Electronically Filed
4/2/2019 9:06 PM
Steven D. Grierson
CLERK OF THE COURT

1  COMP
2  KIMBALL J. JONES, ESQ.
   Nevada Bar No.: 12982
3  JACOB G. LEAVITT, ESQ.
   Nevada Bar No.: 12608
4  BIGHORN LAW
   716 S. Jones Blvd.
5  Las Vegas, Nevada 89107
6  Phone: (702) 333-1111
   Fax: (702) 507-0092
7  Email: jacob@bighornlaw.com
   *Attorneys for Plaintiffs*
8

CASE NO: A-19-792216-C
Department 31

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JOHN STINSON, an individual; DUNIESKY VELAZQUEZ-ESCOBEDO, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DOE DRIVER I-V, an individual; SIXT RENT A CAR, LLC, a foreign limited liability company; DOE DRIVER II-V; ROE EMPLOYERS X-V; DOE OWNER I-V; and ROE CORPORATIONS XI-XV, inclusive, jointly and severally, <br><br> Defendants. | CASE NO: <br> DEPT. NO: <br><br><br> **COMPLAINT** |

COME NOW, Plaintiffs, JOHN STINSON, an individual, and DUNIESKY VELAZQUEZ-ESCOBEDO, an individual, by and through their counsel, KIMBALL J. JONES, ESQ., and JACOB G. LEAVITT, ESQ., of BIGHORN LAW, and for their causes of action against Defendants, and each of them, allege as follows:

1. That PLAINTIFF JOHN L. STINSON (hereinafter referred to as "PLAINTIFF STINSON") was at all times relevant to this action a resident of the County of Clark, State of Nevada.

2. That PLAINTIFF DUNIESKY VELAZQUEZ-ESCOBEDO (hereinafter referred to as "PLAINTIFF VELAZQUEZ") was at all times relevant to this action a resident of the County of Clark, State of Nevada.

3. Upon information and belief, at all times relevant to this action, DEFENDANT DOE DRIVER I-V and/or DOE OWNER II-V, are and/or were operating/driving a 2016 Mercedes-Benz CLA on the roads and highways of County of Clark, State of Nevada, is believed to be resident of Clark County.

4. Upon information and belief, that at all times relevant to this action DEFENDANT SIXT RENT A CAR, LLC (hereinafter "SIXT RENT A CAR") and/or DOE OWNER I-V, was and is a business entity and/or an individual who was the owner or co-owner of the said 2016 Mercedes-Benz driven by and/or DOE DRIVER I and/or DOE DRIVER II-V, at the time of the subject collision.

5. Upon information and belief, at all times relevant to this action, DEFENDANT DOE DRIVER I and/or DOE DRIVER II-V, was and is a resident(s) of Clark County, Nevada and/or was operating/driving the said 2016 Mercedes-Benz upon the roads and highways of the County of Clark, State of Nevada, at the time of the subject collision.

6. Upon information and belief, at all times relevant to this action, DEFENDANT DOE OWNER I-V, is and was a resident of the County of Clark, State of Nevada and/or was or is the owner of the subject 2016 Mercedes-Benz involved in the subject collision.

7. Upon information and belief, at all times mentioned herein, and/or DEFENDANT DOE DRIVER I and/or DEFENDANT DOE DRIVER II-V was the driver of the vehicle owned by DEFENDANT SIXT RENT A CAR and/or DEFENDANT DOE OWNER I-V and was acting in the course and scope of his/her employment with ROE EMPLOYERS I-X at the time of the subject collision.

8. Upon information and belief, at all times relevant to this action, DOE DRIVER I-V, was and is a resident of Clark County, Nevada and/or was the driver of the subject 2016 Mercedes-Benz being operating on the roads and highways of the County of Clark, State of Nevada, and was driving/operating the subject automobile involved in the subject automobile collision.

9. On or about April 6, 2017, PLAINTIFF STINSON, was involved in a collision with an adverse driver, and PLAINTIFF VELAZQUEZ was his negligent-free passenger. The negligence of this

adverse driver was the sole and proximate cause of the said automobile vs. automobile collision. As a result of the subject collision, PLAINTIFFS suffered debilitating and serious injuries, with each incurring in excess of Fifteen Thousand Dollars ($15,000.00) in past medical special damages.

10. The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants, DOES I through V and ROES I through V, are unknown to PLAINTIFFS, who therefore sue said Defendants by such fictitious names. PLAINTIFFS are informed and believe and thereon allege that each of the Defendants designated herein as DOE and ROE are responsible in some manner for the events and happenings referred to and caused damages proximately to PLAINTIFFS, as herein alleged, and that PLAINTIFFS will seek leave of this Court to amend this Complaint to insert the true names and capacities of all DOES I through V and all ROES I through V, when the same have been ascertained, and to join such Defendants in this action.

### FIRST CAUSE OF ACTION
**(Negligence as to Defendants DOE DRIVER I, DOE DRIVER II-V and/or DOE OWNER I-V)**

11. PLAINTIFFS incorporate by this reference all of the allegations of paragraphs 1 through 10, hereinabove, as though completely set forth herein.

12. On April 6, 2017, PLAINTIFF STINSON was operating his 2013 Nissan Leaf and was stopped Eastbound Sahara Avenue, waiting at a red signal at Sahara's intersection with Joe W. Brown, when suddenly and without notice, DOE DRIVER I and/or DOE DRIVER II, operating a 2016 Mercedes-Benz, owned by DEFENDANT SIXT RENT A CAR and/or DEFENDANT DOE OWNER I-V, negligently operated the vehicle when he rear-ended PLAINTIFFS' vehicle, directly and proximately causing PLAINTIFFS injuries and damages, as more fully set forth hereinabove and below.

13. That, following said collision, DOE DRIVER I and/or DOE DRIVER II-V, and non-party passenger MICHELLE MARIE PORTILLO fled the scene of the accident on foot.

14. Based upon information and belief, MICHELLE MARIE PORTILLO was shortly thereafter located and questioned for fleeing the scene of the subject accident.

15. At the time of the subject rear-end collision herein complained of, and immediately prior thereto, DEFENDANT DOE DRIVER I and/or DOE DRIVER II-V, in breaching a duty owed to PLAINTIFFS, was negligent and careless, *inter alia*, in the following particulars:

    A. In failing to keep the 2016 Mercedes-Benz under proper control;

    B. In operating said 2016 Mercedes-Benz without due caution for the rights of PLAINTIFFS, and each of them;

    C. In failing to keep a proper lookout;

    D. In failing to use due care in the operation of said 2016 Mercedes-Benz;

    E. In operating a motor vehicle under the influence;

    F. In failing to keep the subject under proper control;

    G. In violating NRS 484C.110;

    H. In failing to stop and render aid to PLAINTIFFS;

    I. Negligent Entrustment;

    J. Vicarious liability through the operation of NRS 41.400;

    K. Vicarious liability through the operation of NRS 41.440;

    L. *Respondeat* Superior; and

    M. That DEFENDANTS DOE DRIVER I and/or DOE DRIVER II-V, and/or DEFENDANTS SIXT RENT A CAR and/or DOE OWNER I-V, and each of them, violated certain state and local statutes, rules, regulations, codes and ordinances, and PLAINTIFFS will pray leave of Court to insert the exact citations at the time of trial.

16. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS, and each of them, PLAINTIFFS suffered physical injuries and were otherwise injured in and about their neck, back, legs, arms, organs, and systems, and were otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to PLAINTIFFS' individual/respective damage in an amount not yet fully ascertained but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00).

17. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the said DEFENDANTS, and each of them, PLAINTIFFS have been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

18. Prior to the injuries complained of herein, PLAINTIFFS were able-bodied, capable of being gainfully employed and capable of engaging in all other activities for which PLAINTIFFS were otherwise suited. By reason of the premises, and as a direct and proximate result of the negligence of the said DEFENDANTS, and each of them, PLAINTIFFS were caused to be disabled and limited and restricted in their respective occupations and activities, which caused PLAINTIFFS a loss of wages in an unascertainable amount as of this time, and/or diminution of PLAINTIFFS earning capacity(ies) and future loss of wages, all to their individual and/or respective damage in a sum not yet presently ascertainable, the allegations of which PLAINTIFFS pray leave of Court to insert herein when the same shall be fully determined.

19. PLAINTIFFS have been required to retain the law firm of **BIGHORN LAW** to prosecute this action, and is entitled to recover their attorneys' fees, case costs and prejudgment interest.

## SECOND CAUSE OF ACTION
(Negligent Entrustment as to DEFENDANT SIXT RENT A CAR and/or DOE OWNER I-V)

20. PLAINTIFFS incorporate by this reference all of the allegations of paragraphs 1 through 19, hereinabove, as though completely set forth herein.

21. That at the time of the accident herein complained of, and immediately prior thereto, DEFENDANTS SIXT RENT A CAR and/or DOE OWNER I-V, was the registered owner of the said 2016 Mercedes-Benz being driven by DEFENDANT DOE DRIVER I and/or DEFENDANT DOE DRIVER II-V.

22. That at the time of the incident herein complained of, and immediately prior thereto, DEFENDANTS SIXT RENT A CAR and/or DOE OWNER I-V, permitted, express or implied,

1  DEFENDANT DOE DRIVER I and/or DOE DRIVER II-V, to drive and operate the said 2016 Mercedes-Benz.

23. That as a result of the express or implied permission stated herein, DEFENDANT SIXT RENT A CAR and/or DEFENDANT DOE OWNER I-V, is jointly and severally liable for any damages proximately resulting from the negligent actions and conduct of said DEFENDANTS, and each or all of them, as alleged within this Complaint.

24. That upon information and belief, DEFENDANT SIXT RENT A CAR and/or DEFENDANT DOE OWNER I-V, knew or should have known, that DEFENDANT DOE DRIVER and/or DEFENDANT DOE DRIVER II-V, was an inexperienced or incompetent or irresponsible driver, yet still entrusted the said 2016 Mercedes-Benz to DEFENDANT DOE DRIVER I and/or DEFENDANT DOE DRIVER II-V.

25. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of said DEFENDANTS, and each or all of them, PLAINTIFFS suffered physical injuries and were otherwise injured in and about their neck, back, legs, arms, organs, and systems, and were otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to PLAINTIFFS' individual damage in an amount not yet fully ascertained but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00).

26. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each or all of them, PLAINTIFFS have been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

27. Prior to the injuries complained of herein, PLAINTIFFS were adults, capable of being gainfully employed and capable of engaging in various activities for which PLAINTIFFS were otherwise suited. By reason of the premises, and as a direct and proximate result of the negligence of the

said DEFENDANTS, and each or all of them, PLAINTIFFS were caused to be disabled and limited and restricted in their occupations and activities, which caused PLAINTIFFS a loss of wages in an unascertainable amount as of this time, and/or diminution of PLAINTIFFS' earning capacity and future loss of wages, all to their respective damage in a sum not yet presently ascertainable, the allegations of which PLAINTIFFS pray leave of Court to insert herein when the same shall be fully determined.

28. PLAINTIFFS have been required to retain the law firm of BIGHORN LAW to prosecute this action, and are entitled to recover their attorneys' fees, case costs and prejudgment interest.

### THIRD CAUSE OF ACTION
(Gross Negligence as to DOE DRIVER I
and/or DOE DRIVER II-V)

29. PLAINTIFFS incorporate by this reference all of the allegations of paragraphs 1 through 28, hereinabove, as though completely set forth herein.

30. PLAINTIFFS are informed and believe and, based thereon allege, that DEFENDANT DOE DRIVER I and/or DOE DRIVER II-V owed PLAINTIFFS the duty of reasonable care, as set forth above.

31. Upon information and belief, at all times relevant to this action, DEFENDANT DOE DRIVER I and/or DEFENDANT DOE DRIVER II-V, intentionally, maliciously, willfully, oppressively, deliberately, in gross negligence and with a conscious disregard for the rights and/or safety of others, caused serious injuries to the PLAINTIFFS herein.

32. Upon information and belief, DEFENDANT DOE DRIVER I and/or DEFENDNAT DOE DRIVER II-V, intentionally, maliciously, willfully, oppressively, deliberately, in gross negligence and with a conscious disregard for the rights and/or safety of others, disregarded the safety of others, and more particularly to the PLAINTIFFS herein, by operating a motor vehicle while under the influence of intoxicating liquor and/or a controlled substance and fleeing the scene of an accident without stopping, exchanging requisite information and rendering aid.

33. As a direct and proximate result of the gross negligence, malice and carelessness of DEFENDANT DOE DRIVER I and/or DEFENDANT DOE DRIVER II-V, PLAINTIFFS were

seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, entitling PLAINTIFFS to recover punitive and exemplary damages in an amount not presently ascertained but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00).

34. As further and direct and proximate result of the malicious, intentional, willful, oppressive deliberate, gross negligence and conscious disregard of the rights and safety of others, PLAINTIFFS incurred expenses for medical care, treatment and expenses incidental therein, and they may be required in the future to incur expenses for medical care and treatment.

35. Punitive and exemplary damages are appropriate as a means of punishing DEFENDANT DOE DRIVER I and/or DEFENDANT DOE DRIVER II-V, and as a means of deterring others, including DEFENDANT DOE DRIVER I and/or DOE DRIVER II-V from engaging in such behavior.

36. PLAINTIFFS have been required to retain BIGHORN LAW to prosecute this action, and are entitled to recover their attorneys' fees, case costs and prejudgment interest.

## PRAYER FOR RELIEF INDIVIDUAL TO EACH PLAINTIFF

1. General damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

2. Special damages for said Plaintiffs' medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3. Special damages for lost wages in a presently unascertainable amount, and/or diminution of the earning capacity of said Plaintiffs, plus possible future loss of earnings and/or diminution of said Plaintiffs' earning capacity in a presently unascertainable amount;

4. Punitive and exemplary damages for said Plaintiffs in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

5. Costs of this suit;

6. Attorneys' fees; and

////

7. For such other and further relief as to the Court may seem just and proper in the premises.

DATED this 2nd day of April, 2019.

BIGHORN LAW

By: /s/ Jacob G. Leavitt, Esq.
**KIMBALL J. JONES, ESQ.**
Nevada Bar NO.:12982
**JACOB G. LEAVITT, ESQ.**
Nevada Bar No.: 12608
716 South Jones Boulevard
Las Vegas, Nevada 89107
Attorneys for Plaintiffs

APR 0 9 2019